IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CASEY LEE HOEY ) | |
| ) | Civil Action No. 08 - 618 |
| Plaintiff, ) | |
| ) | District Judge David S. Cercone |
| v. ) | Magistrate Judge Lisa Pupo Lenihan |
| ) | |
| EDWARD G. RENDELL, THOMAS ) | |
| CORBETT JR., ) | |
| ) | |
| Defendants. ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983. It is further recommended that Plaintiff's Motion for Declaratory Judgment (doc. no. 8) be denied.

### II. REPORT

Plaintiff is a prisoner currently serving a life sentence at the State Correctional Institution in Fayette, Pennsylvania. He brings this civil rights action pursuant to the Civil Rights Act of 1871, 42 U.S.C. § 1983, against Pennsylvania Governor Edward G. Rendell and Pennsylvania Attorney General Thomas Corbett Jr alleging that he was convicted under unconstitutional criminal provisions in the Pennsylvania Crimes Code. For the reasons that follow, Plaintiff's Complaint must be dismissed.

#### A. Standard of Review

This Court must review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act (PLRA), Pub. L. No. 104-134, 110 Stat. 1321

(1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress enacted a new statutory provision at 28 U.S.C. § 1915A, entitled "Screening," which requires the court to review complaints filed by prisoners seeking redress from a governmental entity or an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). If the complaint is "frivolous, malicious, or fails to state a claim upon which relief can be granted," or "seeks monetary relief from a defendant who is immune from such relief," the court must dismiss the complaint. 28 U.S.C. § 1915A(b).

In addition, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed in forma pauperis ("IFP"), *i.e.*, without prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are proceeding in forma pauperis and to dismiss, at any time, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Plaintiff is considered a "prisoner" as that term is defined under the PLRA.[1] Defendants are officers or employees of governmental entities. In addition, Plaintiff has been granted leave to proceed <u>in forma pauperis</u> (doc. no. 2). Thus his allegations must be reviewed in accordance with the directives provided in 28 U.S.C. §§ 1915A & 1915(e). In reviewing complaints under 28 U.S.C. §§ 1915A & 1915(e), a federal court applies the same standard applied to motions to

---

1. Sections 1915 and 1915A, as amended, define the term "prisoner" as "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." *See* 28 U.S.C. §§ 1915(h); 1915A(c).

dismiss under Federal Rule of Civil Procedure 12(b)(6).[2] Dismissal is proper under Rule 12(b)(6) if, as a matter of law, it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations. Hishon v. King & Spalding, 467 U.S. 69, 73 (1984). Notwithstanding, a plaintiff must allege specific facts supporting his claims to withstand dismissal for failure to state a claim. Brock v. St. Joseph's Hosp., 104 F.3d 358 (4th Cir. Dec. 23, 1996); Whitehead v. Becton, 1996 WL 761937 (D.C. Cir. 1996).

### B. Liability under 42 U.S.C. § 1983

In his Complaint, Plaintiff complains that the criminal laws under which he was convicted are void as being unconstitutional. Resolution of Plaintiff's claims is dictated by the teachings of the United States Supreme Court as stated in Preiser v. Rodriguez, 411 U.S. 475, 488-490 (1973), and subsequent cases interpreting that opinion. In Preiser, the plaintiffs were state prisoners who were deprived of good-time credits as a result of disciplinary proceedings; they sought injunctive relief restoring their good-time credits, which would have resulted in their immediate release from confinement. In making its ruling in Preiser, the Court was called upon to determine the proper relationship between the Civil Rights Act and the federal habeas corpus statute, 28 U.S.C. § 2254. Despite the admitted "literal applicability" of § 1983 to the action before it, the Court concluded that "when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier

---

2. *See, e.g.*, Bradley v. Puckett, 157 F.3d 1022, 1025 (5th Cir. 1998); Anyanwutaku v. Moore, 151 F.3d 1053 (D.C. Cir. 1998); Mitchell v. Farcass, 112 F.3d 1483, 1484 (11th Cir. 1997); McGore v. Wrigglesworth, 114 F.3d 601, 604 (6th Cir. 1997); Atkinson v. Bohn, 91 F.3d 1127, 1128 (8th Cir. 1996); Powell v. Hoover, 956 F. Supp. 564, 568 (M.D. Pa. 1997)(applying Rule 12(b)(6) standard to claim dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii)); Tucker v. Angelone, 954 F. Supp. 134 (E.D. Va.), *aff'd*, 116 F.3d 473 (Table) (4th Cir. 1997).

release from that imprisonment, his sole federal remedy is a writ of habeas corpus." *Id*., 411 U.S. at 500.

Over two decades later, the Supreme Court again examined the relationship between the federal civil rights law and habeas corpus actions in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994). In <u>Heck</u>, the petitioner was convicted of voluntary manslaughter for killing his wife. While his direct appeal was pending in the state courts, Heck filed a suit under 42 U.S.C. § 1983 against the prosecutors in his criminal action and various members of the state police department. The complaint alleged that the defendants had engaged in an unlawful investigation and had knowingly destroyed exculpatory evidence. Heck sought compensatory and punitive damages but did not seek injunctive relief or release from custody. After reviewing its origin and history, the Court determined that the civil rights law was not meant to provide a means for collaterally challenging the validity of a conviction through the pursuit of money damages. In so concluding, the Court announced the following rule.

> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. <u>Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated</u>. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal

>   judgment against the plaintiff, the action should be allowed to proceed,
>   in the absence of some other bar to the suit.

*Id*. at 486-87 (footnotes omitted) (emphasis added).

In order to succeed on his claim, this Court necessarily must conclude that Plaintiff's criminal conviction was unlawful because it was based on an unconstitutional criminal law. To the extent that Plaintiff is seeking immediate release from prison because of Defendants' actions, he is precluded from seeking such relief through a civil rights complaint because, under Preiser, a federal habeas corpus petition is his only available avenue for immediate release. To the extent that Plaintiff is seeking monetary damages for the length of time he has been "unlawfully incarcerated," he is precluded from seeking such relief under the Supreme Court's pronouncement in Heck because a judgment in his favor necessarily would implicate the validity of his 1985 conviction. As such, Plaintiff's section 1983 claim is not cognizable. Heck, 512 U.S. at 486 ("We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254."). *See also* Mitchell v. Department of Corrections, 272 F.Supp.2d 464, 473 (M. D. Pa. 2003) (holding that the favorable termination rule of Heck, under which a state inmate must secure a determination of invalidity of his conviction or sentence before seeking § 1983 damages for unconstitutional conviction or confinement, applies to suits by prisoners who no longer are in custody, even though federal habeas relief no longer is available due to the prisoner's release).

Here, Plaintiff has not demonstrated that he successfully has challenged his criminal convictions. Accordingly, he cannot pursue his claim that Defendants violated his constitutional rights until he can show that his conviction is legally invalidated on constitutional grounds through a writ of habeas corpus or other available means. *Accord* Randell v. Johnson, 227 F.3d 300, 301 (5th Cir. 2000) (affirming dismissal of complaint for failure to state a claim of former inmate seeking damages pursuant to § 1983 for unconstitutional imprisonment because he had not satisfied the favorable termination requirement of Heck), *cert. denied*, 532 U.S. 971 (2001).

## C. Statute of Limitations

Alternatively, to the extent that any of Plaintiff's claims are not barred under the Heck Doctrine discussed above, they are subject to dismissal because they were filed outside the applicable statute of limitations for civil rights actions. In this regard, Congress did not specify a statute of limitations for actions arising under 42 U.S.C. § 1983 of the Federal Civil Rights law. Wilson v. Garcia, 471 U.S. 261, 267 (1985). Because of this, the Courts are to consider Section 1983 actions as tort actions and borrow the statute of limitations for personal injury or tort actions from the appropriate state. *See id*. The Court of Appeals for the Third Circuit has declared that, for Section 1983 actions brought in the Federal courts located within the Commonwealth of Pennsylvania, the appropriate statute of limitations is two years. Fitzgerald v. Larson, 769 F.2d 160, 162 (3d Cir. 1985) ("the two-year Pennsylvania limitation for personal injury actions of 42 Pa. Const. Stat. § 5524 governs all § 1983 actions brought in Pennsylvania."). The statute of limitations requires that a complaint be filed between the time the cause of action accrues and the limitation period runs out. *See* Sprint Communications Co., L.P. v. F.C.C., 76 F.3d 1221, 1226 (D.C. Cir. 1996).

The date for accrual of a Section 1983 claim (when it begins to run) is a matter of federal law. Albright v. Oliver, 510 U.S. 266, 815 n.6 (1994). A claim accrues when the plaintiff

knew or had reason to know of the injury. Montgomery v. DeSimone, 159 F.3d 120, 126 (3d Cir. 1998), *citing* Genty v. Resolution Trust Corp., 937 F.2d 899, 919 (3d Cir. 1991). The date when the plaintiff becomes aware, or should have become aware, of both the fact of injury and its causal connection to the defendant, triggers the limitations period. Montgomery 159 F.3d at 126 (date of arrest triggers limitation period for false arrest claim).

In the absence of evidence as to when Plaintiff gave his Section 1983 complaint to the prison authorities for mailing for purposes of applying the prisoner mail box rule, the court deems the complaint to have been filed on the date he executed his IFP application, *i.e.*, May 7, 2008. Cromwell v. Keane, 27 Fed.Appx. 13, 14 (2d Cir. 2001)("In the absence of other evidence regarding the date on which Cromwell's petition was handed to prison officials for mailing, we consider his petition to have been filed on September 2, 1997, the date on which petitioner signed his in forma pauperis application. *See* Rhodes v. Senkowski, 82 F.Supp.2d 160, 165 (S.D.N.Y. 2000) (collecting cases).

Here, Plaintiff alleges that the alleged constitutional violations occurred in March of 2003 during his criminal trial. Plaintiff knew or should have known on that date the "fact of injury and its causal connection to the defendant[s]." Montgomery, 159 F.3d at 126   Because he did not file his complaint until May 7, 2008, almost five years after his cause of action accrued, to the extent that such action is not barred by Heck, any cause of action against any of the Defendants is time barred.

### III. CONCLUSION

It is respectfully recommended that Plaintiff's Complaint be dismissed in accordance with the Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2)(B)(ii) and/or 28 U.S.C. § 1915A for failure to state a claim upon which relief can be granted under 42 U.S.C. § 1983. It is further recommended that Plaintiff's Motion for Declaratory Judgment (doc. no. 8) be denied.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (c), and Local Rule 72.1.4 B, the parties are allowed ten (10) days from the date of service to file written objections to this report. Any party opposing the objections shall have ten (10) days from the date of service of objections to respond thereto. Failure to timely file objections may constitute a waiver of any appellate rights.

Dated  February 17, 2009 /s/ Lisa Pupo Lenihan
Lisa Pupo Lenihan
United States Magistrate Judge

cc: The Honorable David S. Cercone
United States District Judge

cc: Casey Lee Hoey
FH - 5454
S.C.I. Fayette
P.O. Box 9999
LaBelle, PA  15450